```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          For Online Publication Only
----------------------------------------------------------------X
BRIAN GAMMON,

                       Petitioner,

    -against-                                         **MEMORANDUM & ORDER**
                                                      12–CV–4812 (JMA)

THOMAS J. SPOTA, District Attorney, et al,

                       Respondent.
----------------------------------------------------------------X
```

FILED
CLERK
5/5/2016 4:36 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Petitioner Brian Gammon brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his resentencing in state court as a violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. For the reasons set forth below, the petition is denied.

## I.    BACKGROUND

Petitioner was convicted of misdemeanor Driving While Intoxicated in violation of New York Vehicle and Traffic Law § 1192(3). In May 2006, Petitioner was sentenced to sixty days in jail and three years probation. Petitioner served the jail sentence and began probation.

In March 2009, Petitioner violated the conditions of his probation by failing to complete a substance abuse treatment program and failing to abstain from the use of alcohol. In light of the probation violation allegations, Petitioner was called before the judge that imposed the original sentence. During a hearing before the sentencing judge on June 2, 2009 (the "June 2 Proceeding"), Petitioner admitted that he violated the conditions of his probation by consuming alcohol and failing to complete an inpatient treatment program.

1

During the June 2 Proceeding, the sentencing judge stated that Petitioner would be sentenced to an additional sixty days in jail as a result of the probation violation. The transcript of that proceeding shows that the sentencing judge unequivocally intended to sentence Petitioner to an additional sixty days in jail:

> The Court: I promised that I would sentence you to an additional 60 days incarceration. That's in addition to the 60 days you already served, and terminate you from probation. Other than that promise, has anyone else made any other promises to you to induce you to plead guilty, today?
>
> The Defendant: No.

(Answer/Return, Ex. 1, at 5, ECF 9-1.) After petitioner pled guilty to violating the conditions of his probation, the case was adjourned for sentencing.

On June 8, 2009, Petitioner was sentenced for his probation violation (the "June 8 Proceeding"). At the June 8 Proceeding, the sentencing judge failed to indicate, either on the record when he pronounced the sentence or in the order given to the jail effectuating the sentence, that the new sixty-day sentence was to be served in addition to the sixty day sentence that the court had previously imposed in 2006. Immediately following the June 8 Proceeding, Petitioner was transferred to prison to begin serving his sentence. Officials at the prison correctly determined that under New York Penal Law § 70.30(5), the two sixty-day sentences merged in the absence of a specific direction to the contrary by the court.[1] Petitioner was immediately released because his previous sixty days of incarceration satisfied the merged sentence of sixty days.

Upon discovering that Petitioner had been released without serving an additional sixty days, the sentencing judge brought Petitioner back before the court for resentencing. At a

---

[1] Under New York law, revocation of Petitioner's probation is not treated as a new crime, but rather a replacement for the original vacated sentence based on the original underlying crime. Pursuant to New York Penal Law § 70.30(5), time spent in custody by an inmate on a sentence which is subsequently vacated must be credited against a new sentence.

resentencing hearing on June 17, 2009, the sentencing judge explained that the court had inherent power to correct errors to the record to reflect the truth, and resentenced Petitioner to an additional sixty days in jail.[2]

Petitioner appealed his sentence to the Appellate Term of the Supreme Court arguing, inter alia, that his new sentence violated the Double Jeopardy Clause of the United States Constitution. The State, who did not oppose petitioner's appeal, represented to to the Appellate Term that the State agreed that Petitioner's resentencing violated the Double Jeopardy Clause. The Appellate Term upheld the sentencing court's decision to resentence Petitioner, finding that Petitioner could not have a reasonable expectation in the finality of his sentence because he "could not reasonably have understood the court's sentencing pronouncement to have meant that the court was sentencing him to no additional time." People v. Gammon, 916 N.Y.S.2d 885, 887 (N.Y. App. Term 2010).

Petitioner was granted leave to appeal to the New York Court of Appeals. Petitioner argued, and the State again agreed, that his resentencing violated the Double Jeopardy Clause. The Court of Appeals held that the resentencing did not violate the Double Jeopardy Clause because Petitioner could not have had a reasonable belief in the finality of his sentence "[i]n light of the [sentencing] court's express intent to impose an additional period of incarceration; its authority to correct an apparent ambiguity in pronouncing sentence; and the parties' understanding that defendant was to serve a 60-day term of imprisonment for the violation of probation." People v. Gammon, 19 N.Y.3d 893, 896 (N.Y. 2012).

After the Court of Appeals rejected Petitioner's resentencing claims, Petitioner filed the instant habeas petition before this Court, claiming that his resentencing violated the Double Jeopardy Clause of the United States Constitution.

---

[2] Petitioner has not yet served the additional jail sentence. The sentencing judge granted a stay of execution of the sentence, pending resolution of the case on appeal. That stay is still in effect.

## II.     DISCUSSION

Under 28 U.S.C. § 2254(a), a district court is empowered to "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner in custody pursuant to a judgment of a state court must typically meet three requirements to obtain habeas relief: (1) the claim must be exhausted; (2) the claim cannot be procedurally barred; and (3) the claim must satisfy the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214 (1996).[3]

### A. AEDPA Standard of Review

Under AEDPA, federal courts review a state court's decision under a deferential standard:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Ryan v. Miller, 303 F.3d 231, 245 (2d Cir. 2002).

"Clearly established federal law 'refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a

---

[3] Respondent does not argue, and the Court has not found, that petitioner's claim is unexhausted or procedurally barred.

set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A district court reviewing a habeas petition is not seeking to determine "whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." Ryan, 303 F.3d at 245. A habeas petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011).

Under AEDPA, "a determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A state court decision "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller–El v. Cockrell, 537 U.S. 322, 340 (2003).

### B. Analysis

Under the AEDPA standard, Petitioner must show that the state court's decision was either contrary to, or involved the unreasonable application of, Supreme Court precedent regarding the Double Jeopardy Clause.

The Fifth Amendment's Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. However, "the Double Jeopardy Clause's requirement that a defendant only be punished once for a particular crime does not mean that this punishment cannot be modified or extended." United States v. Vargas, 564 F.3d 618, 624 (2d Cir. 2009). In Bozza v. United States, the Supreme Court

5

has held that the Double Jeopardy Clause is not violated when an illegal sentence is immediately corrected through resentencing of a defendant on the same day as the initial, illegal sentence. 330 U.S. 160, 166–67 (1947). In United States v. DiFrancesco, the Supreme Court expanded on Bozza, holding that a sentence may be increased until a defendant has a "legitimate expectation" that the sentence is final and not subject to increase. 449 U.S. 117, 137 (1980). The Court found that defendant did not have a legitimate expectation of finality—and thus the resentencing did not violate the Double Jeopardy Clause—because the federal statute at issue clearly allowed the appellate review of the sentence. Id.

There is no firmly established Supreme Court precedent that addresses whether a sentence may be corrected after a defendant has been released from custody based on a technical or ministerial error by the sentencing judge. The Supreme Court's ruling in DiFrancesco is therefore the most relevant precedent governing petitioner's situation.

Petitioner argues that "[i]n determining what may constitute a legitimate expectation of finality, courts have consistently held that once a defendant has completed a sentence of a term of incarceration, double jeopardy attaches and the court loses all authority to resentence the defendant." (Petitioner's Br. at 3.) However, clearly established Supreme Court precedent does not hold that a defendant universally has a legitimate expectation of finality upon completing his sentence. As explained below, the Court of Appeal's decision was based on a reasonable application of DiFrancesco and is consistent with relevant Supreme Court and Second Circuit precedent.

The Double Jeopardy Clause prohibits alterations to sentences that carry a legitimate expectation of finality. DiFrancesco, 449 U.S. 117, 136–38. However, "where no such expectation exists, double jeopardy does not bar a court from modifying a sentence." United States

6

v. Kyles, 601 F.3d 78, 83-84 (2d Cir. 2010); see also United States v. Fogel, 829 F.2d 77, 87 (D.C. Cir. 1987) ("If a defendant has a legitimate expectation of finality, then an increase in [his] sentence is prohibited by the double jeopardy clause. If, however, there is some circumstance which undermines the legitimacy of that expectation, then a court may permissibly increase the sentence."); Merry v. Alaska, 983 F.2d 1076 (9th Cir. 1993) (finding that a court's resentencing of a petitioner to correct an "objectively ascertainable mistake" did not violate the Double Jeopardy Clause because the petitioner had no expectation of finality in his sentence when state law allowed for the correction of "clerical mistakes" or "errors in the record arising from oversight or omission.").

Applying DiFrancesco, lower courts have found that a defendant's knowledge of an error in his sentence erodes an expectation of finality, and a short duration between sentencing and a subsequent modification to a sentence also weighs against a defendant's ability to claim a legitimate expectation of finality. See Colon v. Lavalley, No. 11 Civ. 3234, 2012 WL 5462583, at *6 (S.D.N.Y. Nov. 9, 2012), report and recommendation adopted, 2014 WL 787804 (S.D.N.Y. Feb. 25, 2014). Moreover, a defendant cannot claim a legitimate expectation of finality in a lower sentence based on a mistake when he expressly agreed to a different sentence. See Benn v. United States, No. 09 CR. 575, 2015 WL 4887395, at *5-6 (S.D.N.Y. Aug. 17, 2015); see also United States v. Rico, 902 F.2d 1065, 1068–69 (2d Cir. 1990) (affirming increase of sentence to conform to a plea agreement).

In determining that Petitioner's resentencing did not expose him to double jeopardy, the Court of Appeals referenced and relied on its reasoning from an earlier decision, People v. Williams, 14 N.Y.3d 198 (N.Y. 2010). In Williams, the Court of Appeals, interpreting Bozza and DiFrancesco, explained that a defendant's resentencing will violate the Double Jeopardy Clause

only when the defendant has a "legitimate expectation of finality" in his originally imposed sentence. Williams, 14 N.Y.3d at 216. The court held that after fully completing a sentence and being released from prison, the defendant had a legitimate expectation in the finality of a sentence, and therefore resentencing defendant to post-release supervision violated the Double Jeopardy Clause. Id. Based on clearly established federal law, the court explained that the resentencing of a defendant is constitutional until the completion of the defendant's originally imposed sentence, at which point the defendant's "reasonable expectation of finality" results in "the attachment of jeopardy precluding resentencing." Id. (citing United States v. Rico, 902 F.2d 1065, 1069 (2d Cir. 1990).

In People v. Gammon, the Court of Appeals contrasted petitioner's situation from that in Williams. 19 N.Y.3d at 895. The Court of Appeals explained that in Williams, the defendant served the entirety of his term of imprisonment and the sentencing judge unambiguously did not pronounce any additional sentence. Gammon, 19 N.Y.3d at 896. In contrast, the petitioner in this case "received an ambiguous sentence and did not serve out the original sentence imposed, as reasonably understood by all the parties." Id. The Court of Appeals emphasized the sentencing court's intent to impose an additional period of incarceration, the sentencing court's authority to correct an ambiguous sentence, and the parties' mutual understanding that petitioner would serve an additional period of incarceration in determining that petitioner could not have acquired "a legitimate expectation of finality when he was mistakenly released the same day he was taken into custody." Id. Thus, the Court of Appeals held that the sentencing court was not precluded under principles of Double Jeopardy from correcting an ambiguous sentence and resentencing petitioner in accordance with its originally stated intent. Id.

The Court of Appeals emphasized the ambiguity of the sentence, noting that at the June 2

8

Proceeding, the sentencing judge "promised that [he] would sentence [petitioner] to an <u>additional</u> 60 days incarcerations. That's <u>in addition</u> to the 60 days you already served." (Ex. 1, at 5 (emphasis added).) During petitioner's actual sentencing at the June 8 Proceeding, the sentencing court did not specify that it was ordering an additional term of imprisonment, but noted that the sixty day sentence was "[p]ursuant to [his] promise on June 2." (<u>Id.</u>)

The Court of Appeals reasonably determined that in light of the ambiguities surrounding petitioner's sentence, petitioner did not have a reasonable expectation of finality in his sentence at the time he was erroneously released from prison and the sentencing court's resentencing did not violate the Double Jeopardy Clause. Therefore, the resentencing of petitioner was neither contrary to, nor an unreasonable application of, Supreme Court precedent regarding the Double Jeopardy Clause.

### III. Conclusion

For the reasons set forth above, petitioner's petition for a writ of habeas corpus is denied. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. <u>See</u> 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

Date: May 5, 2016
Central Islip, New York

                                                  /s/ (JMA)
                                            Joan M. Azrack
                                            United States District Judge